STATE of Missouri, Respondent,

v.

Jesse James **TURNBULL**, Appellant.

No. 51588.

Supreme Court of Missouri,
Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Wyvetter H. Younge, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Charles M. Shaw, Clayton, for appellant.

BARRETT, Commissioner.

Jesse Turnbull, Harold Meyer and Ralph Meyer were jointly charged with burglary

in the second degree (RSMo 1959, § 560.-045, V.A.M.S.) and stealing. RSMo 1959, § 560.156, V.A.M.S. Upon a change of venue from Lincoln County, and after a severance, a jury in Pike County found the appellant Turnbull guilty of both the burglary and the stealing and fixed his punishment at two years' imprisonment for each offense. RSMo 1959, §§ 560.095, 560.161, 560.110, V.A.M.S.

Turnbull was a machinist by trade, employed by the Multiple Boring Machine Company in St. Louis, but he had a hobby or sideline of buying and selling property at auction sales, particularly antiques. He denied breaking into Anna Filsinger's farm home, "No sir-ee" he said, and although he permitted her relatives and the officers to remove certain articles, "looks more or less like junk to me," from his home as Anna's property, he denied that he had participated in its theft. The implication from his testimony was that he had bought the articles from auctions or from the Meyer brothers. The state's proof was that Anna Filsinger, age 77, was in a nursing home. Her home on Highway 47, about five miles west of Winfield, was being looked after by her niece Vera Arnhold. On February 10, 1965, Mrs. Arnhold and her husband were at the home and "(e)verything was in order," the doors and windows were all closed and locked. They returned on February 12 and the house had been ransacked, locks had been broken, doors "busted" and left open and a large number of articles of furniture, dishes and household articles removed. A motor vehicle had been stuck in the backyard and blankets and other articles had been employed to extricate it. About 6:30 in the morning of February 12th a station wagon was found "upside down" in a ditch near the intersection of Highways 47 and 79 in Lincoln County, and a "lot of broken junk had spilled out of the car." The station wagon belonged to Turnbull and he employed William Sheppards of Hazelwood to tow the station wagon into his home at Bridgeton Terrace. Around the overturned vehicle, Mr. Sheppards said, "it just looked like a bunch of junk to me. I understand that it was antiques." When the officers and family arrived at his home Turnbull "told us that we could look in the house and we went in the house and we found some articles that we thought belonged to Mrs. Filsinger." The sheriff said that Turnbull admitted that the articles "came out of that car. * * * Out of the station wagon." Clara Arnhold who identified a number of the articles in Turnbull's home testified that he (Turnbull) said "if they was ours that he wanted us to take them, and he insisted on us taking them—. * * * He said that we should look and see what there was that we could identify." A highway patrolman participated in the investigation, described property found in the station wagon and the house and he testified, "His exact words on one piece that he handed to Mr. Arnhold, * * * was: 'That belongs to you. This came from your house,' and he handed it to him." The patrolman said that when questioned about the Filsinger burglary Turnbull "stated that he had been out, that he had an accident in Lincoln County when he was up in that area the night and early morning * * * and he was intoxicated and couldn't remember anything. He was too drunk to remember anything."

■ Needless to say, these circumstances support the jury's finding of appellant's guilt of both the burglary and the stealing. State v. Kennedy, Mo., 396 S.W.2d 595. The appellant was represented by experienced counsel and in the background of this record filed a motion for new trial in which there are six assignments of error relating to the admission and rejection of evidence, conduct of counsel for the state and instructions.

■ The first assignment allegedly relating to the admission of evidence is that a mistrial should have been declared when Sheriff Elliott said, "We thought that the defendant's tires matched the tire tracks found at the scene." However, counsel

first objected to "we thought" and to the attempted answer as not responsive to the question whether Turnbull had made any other statement than the one that certain articles came out of the station wagon. The court agreed that the answer was not responsive and requested that the question be repeated. Then when the sheriff in response to the question "what type of tires were on the station wagon" responded "Not entirely; we thought that the tracks matched—" and counsel moved for a mistrial and the court made this ruling: "The last answer of the witness was not responsive to the question and will not be considered by the jury in any degree whatsoever. Please confine yourself, Mr. Sheriff, to answering specifically the question that is asked you." There was no further objection or request for action and the subject was not again referred to. It is not necessary to say whether the sheriff's evidence was proper or admissible, the court in effect .struck the evidence and plainly instructed the jury to disregard it and in these circumstances there was no manifest prejudicial error. 24B C.J.S. Criminal Law § 1915(7) (11), p. 83; State v. Gerberding, Mo., 272 S.W.2d 230.

■ The second assignment of error as to the admission of evidence is that the court erred in not discharging the jury when state's counsel inquired of defendant's witness Elizabeth Ann Cockrum "as to her present marital status." Mrs. Cockrum conducted an auction in St. Charles County, state's counsel inquired as to her "marital status now" and she replied, "I am still married." Then state's counsel inquired, "Are you applying for a divorce?" Upon objection and request that the jury be "instructed to disregard that" the court ruled: "It is so ordered. The jury will please do so. It is of no consequence, whatsoever." There was no other reference to this subject, no request by defense counsel for further remedial ruling and even though irrelevant the mere question was not manifestly inflammatory or prejudicially erroneous. 24A C.J.S. § 1908(1), p. 1049; State v. McKissic, Mo., 358 S.W.2d 1, 7.

■ The remaining assignment concerned with testimony arose when the defendant called in rebuttal as a witness Lee Wilkins who said that he had made purchases at the Cockrum Auction Barn. Then counsel asked, "Do you know what it is to buy a 'Box of Goodies?'" The witness answered "Yes" and when counsel inquired "What does that mean?" the state's attorney objected and the court sustained the objection. Defense counsel then said, "I want to show, if he is permitted to answer, that the witness would testify to the effect that this is a common practice in the auction business." The court adhered to its ruling and defense counsel excused the witness. One of the items of property identified as coming from Mrs. Filsinger's was a box or carton of broken glassware and a rather miscellaneous collection of dishes known in the auction and antique business as a "Box of Goodies" and the inference to be drawn here was that this box could have come from any number of places other than the burglarized home. But the assignment of error is that the court erred in not permitting this witness to say that he "had seen the defendant at the auction barn" during the period of time the state's witness, the highway patrolman, had testified that "there were no records of transactions made by the Defendant" at Cockrum's Auction Barn. Obviously the assignment in the motion for a new trial is not supported by the record, all that occurred has been set forth and even if proper rebuttal in that the subject was of the same time and place, there was no such offer of proof and the court did not abuse its discretion in not admitting this particular rebuttal testimony. State v. Niehoff, Mo., 395 S.W.2d 174, 182.

■ As to argument of counsel the assignment is that the court erred in not granting a new trial when the prosecuting attorney in his closing argument "referred

to Defendant as 'these burglars.'" And it is not proper, of course, for a prosecutor to apply personal epithets or to engage in abusive vilification of either parties or witnesses. 23A C.J.S. Criminal Law § 1106, p. 201; State v. Taylor, 320 Mo. 417, 8 S.W.2d 29, and State v. Harris, Mo., 351 S.W.2d 713, in which the cases and annotations are collected. But here the prosecutor had been reviewing Turnbull's testimony and then he said, "And remember this, ladies and gentlemen, when these burglars—this defendant—came down that highway, if it hadn't . . . .." Then there was an objection and state's counsel said, "I will withdraw it, Your Honor." The court refused to declare a mistrial and there was no other epithetical language. This was not a flagrantly unbridled argument (23A C.J.S. § 1117(2), p. 246), there was an apparently good faith retraction and in the context of this record it may not be said that the court manifestly erred in not declaring a mistrial. State v. Harris, supra; State v. Churchill, Mo., 299 S.W.2d 475, 479; State v. Stroud, 362 Mo. 124, 128, 240 S.W.2d 111, 113; State v. Marshall, 317 Mo. 413, 424, 297 S.W. 63, 69.

There were three formal instructions, presumption of innocence, intent and circumstantial evidence and the fourth was the principal instruction—it hypothesized a finding of a breaking into Mrs. Filsinger's home and the removal of her personal belongings. At one point the instruction uses this language that "the defendant did wrongfully, forcibly and burglariously break and enter into the house and building of Anna Filsinger." It is objected that "By omitting the word 'felony' in the charge of burglary, the instruction was clearly in error in not including the necessary elements that the jury must find." In this connection it is objected that the court erred in not defining the words "wrongfully," "forcibly" and "burglariously."

Two distinct sets of instructions on burglary and stealing have evolved and are in general use. In one set of instructions the word "feloniously" is defined and employed in the manner the appellant now urges, "as meaning 'wickedly and against the admonition of the law, that is unlawfully'" and "burglariously" in these instructions is defined "as meaning 'with an intent to commit burglary.'" In those cases the appellants attacked the definitions, particularly the definitions of "feloniously," but the court approved them in both form and substance. State v. Turner, Mo., 272 S.W.2d 266, 271–272; State v. Jackson, Mo., 338 S.W.2d 848, 851–852. In the other set of instructions the word "feloniously" is not separately defined and as will be noted from the excerpt quoted here from Instruction 4 they do not insert or employ the word "feloniously" along with the language "wrongfully, forcibly and burglariously." It does not appear that the objections made here have heretofore been lodged against this instruction but against other complaints it has been approved. State v. Papin, Mo., 386 S.W.2d 355, 360. Then too in the instruction in that case as in Instruction 4 here, after hypothesizing a wrongful and forcible breaking the instruction continues "with the felonious intent, then and there to steal therein." So in the end the word "felonious" is employed and it will be noted that in the instructions defining terms the word is defined as "wickedly and against the admonition of the law, that is unlawfully," all of which is synonymous with "wrongfully, forcibly and burglariously." "Wrongfully," "forcibly" and "burglariously" are not words of art and in the absence of a request or necessity for further explanation or definition of terms the court did not prejudicially err in failing to separately define these terms. State v. Papin, supra; State v. Smith, Mo., 342 S.W.2d 940.

As indicated, the information appropriately charges the offense and there are no errors "upon the record" before the court (RSMo 1959, § 547.270, V.A.M.S.; Crimi-

nal Rule 28.02) and for the reasons indicated the judgment is affirmed.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.