**STATE of Missouri, Respondent,**

**v.**

**Thomas Eugene ELBERT, Appellant.**

**No. 53856.**

Supreme Court of Missouri,

Division No. 1.

March 10, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Gene E. Voigts, Sp. Asst. Atty. Gen., North Kansas City, for respondent.

Clevenger & Lay, by William D. Lay, Platte City, for appellant.

HIGGINS, Commissioner.

Appellant was convicted by a jury of robbery, first degree, Section 560.120, V. A.M.S., and his punishment was assessed at 17-years' imprisonment in the custody of the Missouri Department of Corrections. Sentence and judgment were rendered accordingly.

On October 6, 1966, Clyde Berten was employed by Riverside Red-X, a corporation, as a service station manager in Riverside, Platte County, Missouri. His hours were from 10 p.m. to 7 a.m., and he worked alone on this shift. At approximately 11 p.m., appellant came to the service station and asked for the key to the rest room. Mr. Berten obtained the key and walked toward the rest room. As he rounded the corner of the station building, appellant's companion pulled a gun and instructed him to walk to the rest room. Mr. Berten, pursuant to this demand, went into the rest room where appellant and his companion took $80 of his company's money from his pockets. Mr. Berten was then struck on the head by his assailants, and he fell to the floor in a semiconscious state. He heard appellant say, "Shoot him, he's faking," and then, "No, let me have the gun and you go get the cash register." Mr. Berten was then left locked in the rest room. He was released later by Riverside police. He and another eyewitness, Jim Brehm, identified appellant as one of the robbers at the trial; and the major stockholder of Riverside Red-X, Edward Hamilton Young, stated that he had not given appellant permission to take any of his or his corporation's money from Mr. Berten.

Appellant tacitly concedes, as he must, that the evidence supports the jury's ver-

dict of robbery, first degree. He contends, however, that on this direct appeal he is entitled to a new trial on two grounds.

In stating his first ground appellant correctly asserts that "an instruction to authorize a conviction should require the jury to find every fact necessary to constitute the essential elements of the crime charged," State v. Stewart, 329 Mo. 265, 44 S.W.2d 100, 103[7]. He contends that the main instruction, No. 6, was prejudicially erroneous in failing to require a finding that Clyde Berten was either the owner of the money taken or that he was the servant, clerk, or agent of the owner of the property.

Under the statute defining robbery, first degree, Section 560.120, supra, "The gravamen of the offense consists in the taking by violence, or by putting in fear, the money or property of another from one who was at the time in the lawful possession of the same. Whether that one was the owner or the legal custodian is immaterial so far as the charging of the offense is concerned. * * * It is immaterial whether the one in possession of the property holds it, at the time of the robbery, as owner or bailee." State v. Craft, 299 Mo. 332, 253 S.W. 224, 226–227[2]; McCarthy v. Eidson, Mo., 262 S.W.2d 52, 53–54[1]; State v. Pughe, Mo., 403 S.W.2d 635, 637[1, 2].

Appellant does not question that the information contained all the statutory elements of robbery, first degree. It charged that appellant did "wilfully, unlawfully and feloniously by means of a * * * large caliber pistol, take, steal and carry away $80.00 in cash, the money of Riverside Red X, then and there in the lawful care and custody of Clyde Berten by then and there putting the said Clyde Berten in fear of an immediate injury to his person and then and there did feloniously rob, take, steal and carry away the said money * * * from the person of, in the presence of and against the will of the said Clyde Berten with the felonious intent to permanently

deprive the owner of the use thereof and to convert the same to his own use * *."

The gist of appellant's contention is that the jury should be required to find all the statutory elements alleged in the information in order to sustain the conviction.

The information alleged ownership of the money in Riverside Red-X and that the money was taken from the lawful care and custody of Clyde Berten. The evidence was uncontroverted on these allegations and, for that reason, it was not necessary for the instruction to require specific findings on these matters. State v. Herron, Mo., 349 S.W.2d 936, 941[10].

The purpose of alleging, proving and submitting for a jury finding the ownership of property taken by armed robbery is to show that ownership is not in the accused, to give notice to the accused of the crime for which he stands charged, and to bar subsequent prosecution of the accused for the same offense. State v. Nelson, 362 Mo. 129, 240 S.W.2d 140, 142[1–3]. This information complies with these requirements and follows the statute, and the evidence supports the charge. The instruction did not require a finding of the status of ownership of, or title in, the money taken, but it did require a finding that appellant took the money "without any honest claim to said money and with intent to permanently deprive the said Clyde Berten of money in his possession." This required the finding that appellant had no title or ownership and that Mr. Berten did have care and custody of the money so as to be a special "owner" with sufficient interest to support the robbery conviction. Directly in point is State v. Batchelor, Mo., 418 S.W.2d 929, 930–931[1, 2], where virtually the same contention was made and was held without merit.

Appellant's second contention refers to incidents in the prosecuting attorney's closing argument:

"We hear an awful lot in this day and age about the rising crime rate and all the problems that are—

"MR. MOORE: I object to the 'rising crime rate,' we know that it is done for the purpose of raising the passion and prejudice of the jury, Your Honor, and ask that it be stricken from the record, and ask the jury to disregard it.

"THE COURT: Denied."

The prosecuting attorney proceeded without further objection to discuss the duty of the jury with respect to "what you do here today with this defendant," and "you're the ones who will decide this thing."

Appellant's position is that this argument was prejudicial and inflammatory, and not supported by evidence.

It has been said, as suggested by appellant, that "a prosecuting attorney has no right to refer to matters outside the testimony for the purpose of influencing the jury in their deliberations," State v. Ray, Mo., 225 S.W. 969, 973–974[7, 8]; and argument to a jury urging conviction because of crime wave was stated to be prejudicial in dictum in Turk v. United States, 8 Cir., 20 F.2d 129.

It is impossible to say just what the prosecuting attorney may have intended to argue prior to the objection because the argument was interrupted by the objection. Assuming that he then meant what he stated after the objection, it may be said that a prosecuting attorney is generally permitted considerable latitude in arguing the necessity of law enforcement and the responsibility resting on juries. State v. King, Mo., 334 S.W.2d 34, 40[10]. The prosecuting attorney has a right to call attention to the prevalence of crime in the community (crime rate), to urge the jury to do its duty and uphold the law, and to draw inferences from conditions resulting from failure to uphold the law. State v. Marshall, 317 Mo. 413, 297 S.W. 63, 69[20–22]; State v. Arrington, Mo., 375 S.W.2d 186, 194[19]. The argument in State v. Cox, Mo., 352 S.W.2d 665, 671, which made eight references to such subjects as "civic

interest and personal safety of inhabitants of the city" and to the duty of the jury, was held to be within the trial court's discretion in connection with rulings on objections to argument. State v. Green, Mo., 292 S.W.2d 283, 288[10].

█ Under these authorities the trial court did not abuse the discretion permitted it in control of arguments.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.