417 P.2d 530

**STATE of Arizona, Appellee,**

**v.**

**Thomas A. WESTBROOK, Appellant.**

**No. 1385.**

Supreme Court of Arizona.

In Banc.

July 29, 1966.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, former Atty. Gen., Paul G. Rosenblatt, Asst. Atty. Gen., Robert K. Corbin, Maricopa County Atty., for appellee.

W. Edward Morgan, Tucson, for appellant.

PER CURIAM.

The judgment of conviction in this cause having heretofore been affirmed, State v. Westbrook, 99 Ariz. 30, 406 P.2d 388, and subsequently reversed in the Supreme Court of the United States, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429, and remanded to this Court for proceedings consistent with the opinion therein, it is therefore ordered that the Superior Court of Maricopa County cause three disinterested psychiatrists to examine the defendant Thomas A. Westbrook pursuant to Rule 250, Rules of Criminal Procedure, 17 A.R.S., and after hearing determine:

(1) Whether defendant is insane or mentally defective to the extent that he is unable to understand the proceedings against him,

(2) Whether defendant is insane or mentally defective so as to be unable to assist in his defense, and

(3) Whether defendant is insane or mentally defective to the extent that he is unable to intelligently and competently waive his constitutional right to the assistance of counsel and conduct his own defense.

If the defendant is sane and not mentally defective in any of the foregoing particulars, the superior court shall proceed to a retrial on the charge set forth in the information. If the defendant is insane or mentally defective in any of the foregoing particulars, he shall be committed to the Arizona State Hospital at Phoenix, Arizona,

there to remain until such time as he is sane and not mentally defective in any of the foregoing particulars and thereafter he shall be retried on the charge set forth in the information.

It is ordered that W. Edward Morgan, attorney as law, is hereby appointed as counsel for the defendant with directions to act for and on his behalf in all proceedings in this cause and until such time as he is relieved by further order of this Court.

NOTE: Justice LORNA E. LOCK-WOOD did not participate in the determination of this decision.