439 P.2d 815

STATE of Arizona, Appellee,

v.

Anthony G. NICASTRO, Appellant.

No. 1750.

Supreme Court of Arizona.

In Banc.

April 17, 1968.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

John H. Rosenberg, Tucson, for appellant.

UDALL, Vice Chief Justice:

This case is before us on an appeal by defendant, Anthony George Nicastro, from the conviction on two counts of the crime of molesting a child in violation of A.R.S. § 13-653. The assigned errors in the Superior Court are primarily directed to the one question whether defendant knowingly, intelligently and competently waived his constitutional right to have the assistance of counsel and conduct his own defense.

The determinative facts are as follows: At a preliminary hearing on October 4, 1965, the defendant was represented by employed counsel. On December 7, 1965, defendant consented to and the court authorized withdrawal of said counsel. Subsequent to that time, and until notice of appeal was filed herein, the defendant represented himself in propria persona. At his arraignment January 18, 1966, the court read the complaint to defendant, advised him of the seriousness of the charge and that if convicted he could go to prison, and questioned defendant personally whether he would like counsel appointed to represent him. During the proceeding, defendant demanded the right to represent himself, claimed that he didn't need a lawyer and that in the past a lawyer had done nothing but take his money.

Having pled not guilty, the case came on for trial. The court again advised defendant that he was entitled to the services of an attorney and that the court would appoint one if he was indigent. Defendant acknowledged he had been so advised and that he voluntarily waived the services of an attorney. At the conclusion of the first trial, the members of the jury were unable to agree and they were discharged. Defendant continued to represent himself and at the second trial he was convicted on both counts.

Prior to sentencing of defendant, the trial court *sua sponte* ordered a Rule 250, Rules of Criminal Procedure, 17 A.R.S., hearing. Upon conclusion of the hearing, defendant was ordered committed to the Arizona State Hospital on the ground that through insanity or mental deficiency, he is unable to understand the proceedings or to assist in his defense. He was subsequently discharged and on August 25, 1966, judgment was entered against defendant and sentence imposed.

With the assistance of counsel, defendant made a motion for a new trial. Newly-discovered evidence was alleged and it was argued that defendant lacked the knowledge, intelligence and state of mind at the time of arraignment and trial to intelligently waive his right to be represented by counsel or have the assistance of counsel. From the judgment and verdict and the subsequent denial of defendant's motion for new trial, this appeal was taken and perfected.

It is the contention of defendant that the trial court had a duty to inquire fully into his knowledge, intelligence and state of mind at the time of the arraignment and trial to determine whether he knowledgeably and intelligently waived his right to representation by counsel. It is next contended that defendant did not effectively, rationally, intelligently and knowledgeably waive his right to the assistance of counsel during the proceedings in which he represented himself. Finally, defendant argues that since he was not represented or assisted by counsel, he did not receive a fair and impartial trial in keeping with the principles of due process and equal protection of the law.

In Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429 (1966), defendant insisted upon representing himself. On certiorari, the Supreme Court of the United States vacated the judgment of this Court and remanded the case for reexamination of the question whether the trial judge fulfilled his duty of determining whether there was an intelligent and competent waiver of accused's constitutional right to the assistance of counsel. In a per curiam opinion they said:

"* * * there appears to have been no hearing or inquiry into the issue of his competence to waive his constitutional right to the assistance of counsel and proceed, as he did, to conduct his own defense. 'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused—whose life or liberty is at stake—is without counsel. This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.'"

Upon remand, this Court, at 101 Ariz. 206, 417 P.2d 530 (1966), directed that the case be remanded to the trial court for the purpose of conducting a hearing to determine, inter alia, the following proposition:

"Whether defendant is insane or mentally defective to the extent that he is unable to intelligently and competently waive his constitutional right to the assistance of counsel and conduct his own defense."

In State v. Martin, 102 Ariz. 142, 426 P. 2d 639 (1967), which involved the question of waiver by the defendant of his right to have counsel assist him at trial, we stated:

"The test to be applied in determining whether one is legally capable of waiving counsel, however, is clearly *not* one of legal skills. * * * Rather, as stated in Plattner, supra, it must be: '* * * [an] inquiry bearing upon the defendant's capacity to make an intelligent choice. In other words, there must be a record sufficient to establish to our satisfaction that the defendant knows what he is doing and his choice is made with eyes open.' The fundamental question then is not one of the wisdom of defendant's judgment but whether the defendant's waiver of counsel was made in an intelligent, understanding and competent manner. The answer to this question must depend upon the particular facts and circumstances surrounding each case, including the background, experience, and conduct of the accused. All factors relating to the determination of whether the defendant knew exactly what he was doing when he waived his right to counsel are relevant."

At the hearing on the motion for a new trial, three doctors testified regarding the defendant's competency to understand the nature of what he was doing at the time he waived his right to counsel. Dr. Lewis Hertz, a psychologist, testified that he had conducted a psychological examination and evaluation of the defendant and, in reference to the Waxler test, he testified as follows:

"The Waxler test—that is arithmetical reasoning, range of information, vocabulary, and all the verbal skills that he was given—in all of these, including the vocabulary and all the verbal skills he was very poor, I should say, very poor. An average of all the verbal skills would be [no] better than about ten percent in the general population. * * * In judgment and general understanding of situations he was better than only five percent of the people in the general population, which means ninety-five percent of the people. * * * if we would want to attain an age level we might say that his judgment is at best—is at the level of a ten year old."

Dr. Hertz also was of the opinion that defendant could not represent himself in court nor could he make a knowing and intelligent waiver. The record shows that defendant went only as far as the fourth grade in school.

Dr. Richard W. Abbuhl, a physician, testified that he examined the defendant and that he was of the opinion defendant was a borderline mental defective, possibly a borderline psychotic. He further stated that during the examination the defendant was very emotional; that he became ill and fell to the floor; he cried a great deal and broke down during the interview; that he also suffered from hallucinations. The Doctor expressed the view that defendant could not intelligently and knowingly waive his right to be represented by counsel at the trial.

Dr. Remo DiCenso, a psychiatrist, testified that he examined the defendant and that his conclusions and findings were virtually the same as the other two doctors. He was of the opinion that defendant's condition, at the time he examined him, was the same as it had been at the date of the alleged crime. In response to the question whether defendant could intelligently represent himself without counsel, the Doctor answered: "Definitely not. There is no question about that, even with counsel there would be difficulty."

An examination of the defendant's attempt to cross-examine the state's witnesses discloses he was entirely lacking in ability or skill to carry on the functions of an attorney in the normal procedures of a trial. The testimony of expert witnesses subsequently introduced at the hearing on defendant's motion for new trial, together with his temporary commitment to the state hospital, substantiates this fact and also the fact that he was not capable of knowingly waiving his right to counsel.

The trial court specifically ruled on the issue of defendant's capacity to legally waive the right to the assistance of counsel. We are of the opinion that under the testimony given in this case, he did not knowingly, intelligently, and voluntarily waive such right as a matter of law, and it was error to rule otherwise.

Reversed and remanded.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.