450 P.2d 408

**STATE of Arizona, Appellee,**

**v.**

**Altha Mae HICKSON, Appellant.**

**No. 1833.**

Supreme Court of Arizona.

In Banc.

Feb. 17, 1969.

219

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

H. Earl Rogge, Jr., R. LaMar Couser, Tucson, for appellant.

HAYS, Justice.

The appellant, Altha Mae Hickson, was found guilty of second degree murder in the killing of Jacqueline Dixon Perkins which occurred on February 18, 1967 at Club LaJolla in Tucson, Arizona. The appellant, sometimes referred to as Ethel in the testimony, had had a relationship with a man named Sam Watkins which was marked by fights and violence. On the night of the killing the appellant walked up to Sam Watkins, who was dancing with the decedent, and asked to talk to him. The decedent then started to leave the dance floor and the appellant followed. Thereafter, there is some conflict in the testimony as to what occurred. The appellant took a 22 calibre pistol from her purse and fired one shot. The decedent picked up a chair either before or after the pistol was taken from the purse.

The appellant, through her witnesses at the trial, contended that she had purchased the pistol to defend herself from the violence of Sam Watkins, and that she took this pistol from her purse when the decedent raised the chair. She further contended that the pistol was used in self defense. There was conflict in the testimony as to whether the decedent used the chair offensively or defensively. The appellant never took the stand, but her written statement to the police was admitted in evidence. In the statement she indicated that she fired the pistol in self defense just to scare the decedent.

Appellant has raised three questions on appeal:

1. that there was no evidence of malice to support a conviction of murder;

2. that the deputy county attorney asked an improper question;

3. that the court failed to instruct on involuntary manslaughter.

As to the first question raised by appellant, in State v. Intogna, 101 Ariz. 275, at 277, 419 P.2d 59, at 61 (1966), we said:

"Malice aforethought may be expressed or implied. ARS § 13–451. It is a question of fact to be determined by the jury. A deadly weapon, a pistol, was used in the killing, and the use of a deadly weapon is sufficient evidence for the jury to find express malice, State

**220**

v. Izzo, supra;[1] State v. Rivera, 94 Ariz. 45, 381 P.2d 584."

■ Although there is some conflict in the testimony as to whether the defendant or the deceased was an aggressor, it is not our function to "second guess" the jury. It appears that there is substantial evidence to support the verdict, and this is sufficient to sustain the judgment on this point. State v. Gutierrez, 81 Ariz. 377, 306 P.2d 634 (1957).

■ With regard to the second point, the objection is made to a question the deputy county attorney asked a witness for the defense, Josephine Williams. The question was:

"Q. When you were outside and Ethel was in the car, did you see a knife in Ethel's hands, a man's knife?

A. No, I did not."

Appellant then moved for mistrial which was denied. This line of testimony concerned a fight that the appellant apparently had with the witness, Sam Watkins, on an evening some time prior to the fatal shooting. In his testimony on direct examination for the state the witness Watkins had given his version of the same altercation and responded as follows:

"Q. Did you see anything in her hand?

A. I think she had some kind of a pocket knife, I think it was."

The appellant interposed no objection to this testimony at that time nor has she since. Any prejudice resulting came from Watkins' testimony rather than the testimony objected to, which elicited a negative response. If the deputy county attorney's question to the witness, Josephine Williams, was error, there is not reasonable probability that the verdict might have been different absent such error. State v. Ybarra, 97 Ariz. 200, 398 P.2d 905 (1965); State v. Dutton, 83 Ariz. 193, 318 P.2d 667 (1957).

■ Appellant, in her final point, contends that the court having instructed on voluntary manslaughter should also have instructed on involuntary manslaughter. The appellant made no such request at the time of trial nor did she submit appropriate instructions to the court concerning the point. However, we said in State v. Madden, 104 Ariz. 111, 449 P.2d 39, filed Jan. 3, 1969:

"The court is duty bound to instruct the jury on every degree of homicide embraced in the information and which the evidence suggested may have existed even though no request has been made therefor. Arizona Rules of Criminal Procedure 276; Singh v. State, 35 Ariz. 432, 280 P. 672 (1929); Miranda v. State, 42 Ariz. 358, 26 P.2d 241 (1933); Antone v. State, 49 Ariz. 168, 65 P.2d 646 (1937)."

In her own statement the appellant indicates that she pulled the gun out of her purse and fired it. As we said in State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1966):

"Involuntary manslaughter, as distinguished from voluntary manslaughter contemplates an act committed unintentionally. Harding v. State, 26 Ariz. 334, 225 P. 482."

The appellant intended to shoot. This fact makes an instruction on involuntary manslaughter inappropriate.

We find no reversible error. Affirmed.

UDALL, C. J., LOCKWOOD. V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.

1. State v. Izzo, 94 Ariz. 226, 383 P.2d 116 (1963).