517 P.2d 1250

**STATE of Arizona, Appellee,**

v.

**Leslie Wayne MATHIS, Appellant.**

**No. 2670.**

Supreme Court of Arizona,
In Banc.

Jan. 10, 1974.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Rudy Gerber, Sp. Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Leslie Mathis, the defendant in the case, was tried and convicted of two counts of assault with a deadly weapon in violation of A.R.S. § 13–249. The defendant was sentenced to serve concurrent sentences of not less than fifteen nor more than twenty years at the Arizona State Prison on both counts, dating from the time of arrest. From both his conviction and sentence the defendant appeals.

The facts necessary for the determination of this appeal are as follows. Defendant had been drinking in a cocktail lounge in Phoenix. After making some vulgar remarks the defendant was asked to leave. As he left the lounge, the defendant fired five shots into the building and drove off. Two of the shots struck and wounded the patrons inside.

After leaving the scene of the shooting, the defendant went to his grandfather's house where he called the police.

In response to his call, the police dispatched Officer Black to investigate. Upon arriving at the residence the officer knocked and was admitted.

Officer Black asked the defendant if he was the person who had called the police and why he did call. The defendant stated that there had been a fight at a bar and that he "had to do some shooting." At that point the officer noticed a cocked and loaded pistol on a table beside the defendant. He took possession of the weapon and went outside to the squad car where he called for a back-up car.

The policemen who arrived in response to the call for a backup had just come from the cocktail lounge where the shooting had occurred. They immediately recognized the defendant from the description given to them by witnesses at the scene of the shooting. At that point the officers read the defendant his rights and placed him under arrest.

On appeal the defendant contends that the statements made by him to Officer Black should have been excluded as involuntary, as they were uttered without the defendant having been advised of his rights under Miranda. We do not agree. Defendant concedes that at the time the initial statements were made to the police officer, the defendant was neither under arrest nor in custody. Under the facts of the instant case our decision in State v. Melot, 108 Ariz. 527, 502 P.2d 1346 (1972) is controlling. In each case a police officer was dispatched to the home of the defendant involved in response to a call by the defendant. Likewise in both cases the defendant met the investigating officer at the door and in response to the officer's inquiry made incriminating statements. As in Melot, supra, we hold that the officer's inquiry was clearly neutral, nonaccusatory in nature, and in furtherance of proper preliminary investigation. In such situations the statements are clearly voluntary and admissible as evidence against the defendant.

Defendant next contends that his right to a speedy trial was violated where he was arrested on May 7, 1972 and the trial did not begin until October 2, 1972. It is clear that the trial began well beyond the sixty day maximum permitted under 17 A.R.S., Rules of Criminal Procedure, Rule 236. While it is true that the length of delay is one of the four factors set out by the United States Supreme Court in determining whether the right to a speedy trial has been violated, the actual length of delay is the least conclusive of the factors. Rather the length of delay is merely the triggering mechanism necessitating an analysis of the other factors involved. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Besides the length of delay, the Court in Barker, supra, identified three other factors as pertinent in determining whether the right to a

speedy trial had been violated: reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant as a result of the delay.

An examination of the minute entries and instruments reveals that the shooting occurred on May 7, 1972 and that the criminal complaint was filed the following day. The preliminary hearing was set for May 12, 1972 but on the day of the hearing, defense counsel requested a continuance for the purpose of subjecting defendant to a mental examination. The motion was granted and the hearing date was reset for June 2, 1972. On June 1, 1972 the court was informed by defense counsel that the defendant was still in the hospital and that he would advise the court upon his release. Defendant was released on June 20, 1972 and the preliminary hearing was set for July 6, 1972. Thus the two month delay between the defendant's arrest and the preliminary hearing was at the request of defendant's counsel.

Trial was set for August 17, 1972 but on the day of the trial defendant made a motion for a psychiatric examination pursuant to A.R.S. § 13–1621.01(J). The trial date was vacated and reset for September 18, 1972. This date was also vacated and the date of the trial was rescheduled for October 2, 1972 without objection by the defendant. Trial was held on that date.

It seems clear from the foregoing that the delays were due to actions on the part of the defendant and his counsel. It is not apparent that the defendant ever objected to the delays until the date that he was actually sentenced by the court. He did not file a motion to dismiss for failure of the State to prosecute promptly nor did he raise the issue prior to his trial.

Next we must turn our attention to the possible prejudice to the defendant occasioned by the delay. In his brief defendant alleges that the delay seriously interferred with the defendant's recollection of the incidents of May 7, 1972. The defendant cannot validly claim that the delay caused a loss of his memory in light of the fact that he immediately knew after the offense that charges were being brought against him. State v. Brannin, Ariz., 514 P.2d 446 (1973); State v. Mendoza, 109 Ariz. 445, 511 P.2d 627 (1973).

Defendant's other allegation of prejudice that he was subject to threats and abuse while in the county jail is wholly irrelevant to the issue of whether he was denied a right to a speedy trial.

Finally defendant contends that the sentence he received of not less than fifteen nor more than twenty years was excessive in light of the fact that he had no prior felony convictions and the minimum sentence specified by the provisions of the statute was only five years. We have repeatedly held that the trial court has broad discretion in sentencing the defendant and that the trial court judge is in the best position to evaluate the defendant's crime in light of the facts of the case and the defendant's background and character. Furthermore, we will not disturb the sentence provided it falls within the statutory limits unless there is a clear abuse of discretion on the part of the trial judge. State v. Thompson, Ariz., 516 P.2d 42 (1973); State v. Fischer, 108 Ariz. 325, 498 P.2d 147 (1972). We can find no such abuse of discretion in this case.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.