520 P.2d 1105
**STATE of Arizona, Appellee,**

v.

**Carlos Manuel JARAMILLO, Appellant.**

**No. 2796.**

Supreme Court of Arizona,
In Banc.

April 10, 1974.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Michael E. Hurley, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant Carlos M. Jaramillo was indicted, tried and convicted of the offense of selling heroin. He was sentenced to confinement in the state prison for a term of five years to life.

In this appeal the defendant presents the single issue of whether the prosecutor committed prejudicial error in his argument to the jury.

Although the defense has limited its attention to the arguments of the prosecutor we have reviewed the entire record as required by A.R.S. § 13–1715 and State v. Burrell, 96 Ariz. 233, 393 P.2d 921 (1964), and we are satisfied that there is no fundamental error elsewhere in the record.

The defense cites three instances of improper argument which are described as prejudicial. Before considering the specific instances a short recitation of the facts is necessary, for counsel on both sides are permitted considerable latitude in their arguments to the jury subject to the requirement that the remarks be supported by the evidence. State v. Branch, 108 Ariz. 351, 498 P.2d 218 (1972).

The evidence produced at the trial showed that a police officer, working under cover, made arrangements to purchase a quantity of heroin from the defendant. The arrangements were made through a third party who acted as the middleman in the transaction. In the presence of the officer the middleman arranged to purchase "four papers" of heroin for $40 from the defendant. The defendant agreed to sell the heroin, took the money, and later delivered the heroin to the middleman who gave it to the officer. The heroin was analyzed and found to be 14 percent pure.

It was the position of the defense that the defendant had not delivered heroin to the officer, and it was clear from the evidence that defendant had not personally delivered the heroin into the possession of the officer. The theory of the state, which was accepted by the jury, was that the defendant had agreed to sell heroin, taken money for it, and had delivered it to the middleman who presented it to the officer.

One of the instances cited as improper argument occurred in the prosecutor's final argument:

"Mr. McVay also talked—when he talked about the POWs, putting his client away—what a serious thing he is making reference to. The POWs he talked about suggest prison: 'Let's keep in mind the proposition of punishment.' Punishment is not an issue before you, and Judge Case will so instruct you.

"Mr. McVay feels it is important to call your attention to punishment.

"MR. McVAY: I am going to object to this line of argument, and I did not argue that. I think the argument of counsel is improper.

"THE COURT: Overrule your objection, Mr. McVay.

"MR. McKEE: Mr. McVay talked about the probability of his client being put away and so forth. Let's look at the whole side and see who is telling the whole story to you. The defendant is eligible for probation. This is a matter in the court's province. You will get instructions not to be concerned with punishment.

"Since the issue has been brought up, the State feels you should know that probation is a possibility in this particular case."

Following the quoted portion the prosecutor continued with:

"What is the issue—and I have said it before the trial began, I have said it in my first remarks and in closing argument—I am almost done, I will say it again. The issue is: Did he sell heroin or not?"

The defense counsel had earlier argued to the jury that:

"Sure, there's a reason for it, you are dealing with the most precious commodity. I'm not talking about a million dollars here or certain property rights, you

are talking about my client's liberty. That may sound corny, but you can't pay him for it if you make a mistake.

"The best example I can give you is the poor souls incarcerated as prisoners of war. No way they can be compensated for time lost.

"If you make a mistake, my client will be in the same position. That is why I ask you before entering into a verdict in this case to strictly apply burden of proof beyond a reasonable doubt before you give this Court a right to take my client's liberty."

In closing the defense counsel argued:

"I hope I have covered most everything you should consider. Like I have told you at the start of this case, there certainly is some evidence against my client, I don't dispute that. He wouldn't be here if there wasn't. I don't think anywhere near the type of proof required to deprive a man of his liberty and stigmatize him with a conviction such as this. You, as jurors, should require more, much more."

■ Counsel for defendant has cited *Fryson v. State*, 17 Md.App. 320, 301 A.2d 211 (1973) as authority for his contention that the remarks of the prosecutor are reversible error. In *Fryson* the prosecutor told the jury that if the defendant was found guilty he would be put on probation. Such remarks were held to constitute reversible error. The prejudice in the prosecutor referring to probation, parole, or a soft penalty is that it may induce the jury to convict on evidence less than required in a criminal case because the defendant will not suffer real harm. *Fryson v. State, supra*; 23A C.J.S. Criminal Law § 1107 at 207.

The facts in the present case are substantially different. First, the prosecutor stated that there was a possibility of probation; and, secondly, the remark of the prosecutor was made only after the defense had interjected the subject into the case. In *State v. Gortarez*, 98 Ariz. 160, 402 P.2d 992 (1965) it was held that the

remarks of a prosecuting attorney, even if improper, are not grounds for reversal if invited or occasioned by opposing counsel unless the prosecutor's remarks go beyond a pertinent reply or are necessarily prejudicial.

■ The remarks of the prosecutor concerning the possibility of probation were improper, but the remarks were not prejudicial and were invited by the defense. Instead of resorting to answering the defense's argument, the better practice would be for the prosecutor to object to the remarks of defense counsel when the subject of sentence is interjected into the case.

■ The defendant also points out as objectionable the following:

"There is one final thing I am going to say, and that is this: You are probably keenly aware of the drug problem in our community. Perhaps as Citizen Kane, you have wondered what can you do about the drug problem. What can be done?

"The State's position is this: You will never in any of your lifetime have a better opportunity to do something about the drug problem, particularly about heroin sellers, than you've got here today in court."

The defendant fails to cite the remaining portion of that part of the prosecutor's argument immediately following the above quotation:

"You've got the evidence of two police officers and a federal chemist to tie this defendant in air tight."

The prosecutor concluded his argument stating:

"The State urges you to return the only verdict supported by the evidence, and that is the verdict of guilty of the sale of heroin."

Considering the full statement of the prosecutor there was nothing improper. In *State v. Williams*, 107 Ariz. 262, 485 P.2d 832 (1971) this Court held that reference by the prosecuting attorney in his argument to the prevalence of crime is not im-

proper; further that the prosecuting attorney has a right to call attention to the prevalence of crime (crime rate), to urge the jury to do its duty and uphold the law, and to draw inferences from conditions resulting from the failure to uphold the law.

The final portion of the argument of the prosecutor assigned as error was as follows:

"The State is reduced to getting the supplier, the real source, the department reports says that it's the man sitting right there."

Counsel for the defendant did not object to the remarks of the prosecutor at the time they were made. Defense counsel did move for a mistrial at the conclusion of the argument. This Court has held that it is the duty of counsel to make his objections at the earliest opportunity in order that the court may correct possible errors by appropriate instructions to the jury thereby avoiding a mistrial. State v. Boozer, 80 Ariz. 8, 291 P.2d 786 (1955); State v. Williams, *supra*.

The defense complains that the use of the word "supplier" by the prosecutor connotes a person in the business of supplying heroin, and it thereby infers that the defendant as a supplier had committed prior acts of selling heroin.

■ The considerable latitude allowed to counsel in argument includes drawing reasonable inferences from the evidence. State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970).

It has been held that characterizations of a defendant as "a professional robber," People v. Mitchell, 63 Cal.2d 805, 48 Cal. Rptr. 371, 409 P.2d 211 (1966); "a dealer in narcotics," People v. Johnson, 153 Cal. App.2d 564, 314 P.2d 751 (1957); and a "sex maniac," Guldin v. State, 63 Ariz. 223, 161 P.2d 121 (1945), are not improper comments in argument by a prosecutor if warranted by the evidence. For additional cases supporting the same rule see 23A C. J.S. Criminal Law § 1102 p. 186.

■ While there may be some question whether the use of the term "supplier" actually in the context used in argument meant someone who had been supplying contraband in the past, the prosecutor was permitted to argue from the evidence presented that the defendant was the supplier of the narcotics.

■■ The defense also argues that the reference to "departmental reports" was improper. This position is sound because the latitude allowed in argument does not include the use of matters not in evidence or of common knowledge. State v. Branch, *supra*. Were the remarks so objectionable that reversal is required?

"The general criteria for determining whether remarks by the prosecution in a criminal case are so objectionable as to require a reversal of the case are whether the remarks call to the attention of the jury matters which they would not be justified in considering in order to arrive at their verdict and whether the jury, under the circumstances of the case, was probably influenced by those remarks. Sullivan v. State, 47 Ariz. 224, at 238, 55 P.2d 312, at 317 (1936)." State v. Puffer, 110 Ariz. 180, 516 P.2d 316, at 317 (1973).

In reading the rest of the prosecutor's argument it is clear that the reference to departmental reports was not prejudicial. Immediately following the reference to reports the prosecutor's argument continued:

"That man was there and agreed when the transaction was made; that man received the $40. When Lizarraga came back he said, 'I want a cut for setting up the deal' between that man, the supplier, and Officer Hinojos."

The remark about "departmental reports" was never alluded to nor was there any other connection after the original reference. There was no prejudice; further the court instructed the jury that any com-

ment of counsel which had no basis in the evidence was to be disregarded.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.