544 P.2d 664

**STATE of Arizona, Appellee,**

**v.**

**Gary Michael LANDRUM, Appellant.**

**No. 3243.**

Supreme Court of Arizona,
In Banc.

Jan. 12, 1976.

Rehearing Denied Feb. 24, 1976.

Bruce E. Babbitt, Atty. Gen., William J. Schafer III, Chief Counsel, Crim. Div., Ronald L. Crismon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice.

Appellant, Gary Michael Landrum, was convicted by a jury of burglary, rape and armed robbery. He appeals from the judgment and sentence. We took jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The three issues presented on appeal are whether the trial court erred in denying appellant's motion to suppress his statement made at the time of arrest, whether appellant was denied a speedy trial pursuant to Rule 8.2(d), Arizona Rules of Criminal Procedure and whether prosecutor's mention of the word "alibi" in closing argument was so prejudicial as to deny appellant a fair trial. We find no reversible error and affirm the judgment and sentence.

On appeal the facts are viewed to support the verdict. *State v. Garcia*, 102 Ariz. 468, 433 P.2d 18 (1967). The facts necessary to this review are as follows:

On May 15, 1974 appellant was stopped at a red light when police officers blocked his car from leaving the intersection. Appellant was told to exit his car, and a police officer immediately asked his name. Appellant gave his name and voluntarily stated that he worked at I.T.T. Appellant was then arrested, and taken to police headquarters where he was, for the first time, given his *Miranda* warnings. He then made no further statement.

On May 16, 1974, appellant was charged, by complaint, with the crimes of burglary (second degree), rape (first degree), and armed robbery. On July 29, 1974 a trial by jury was begun and ended in a mistrial on July 31, 1974. On August 6, 1974 appellant filed a motion pursuant to Rule 11, Arizona Rules of Criminal Procedure for examination of his mental condition, the motion was granted on August 16, 1974, and the trial court ordered the reports of the mental health experts be submitted no later than September 13, 1974 and set a hearing for September 20, 1974. On September 20, 1974 the Court, on its own motion, continued the competency hearing to October 4, 1974 because the court did not have available the necessary medical reports though the court stated that the psychiatrists may have reported within the ordered time. The record shows only one letter from the medical experts, and it is stamped by the Clerk of the Superior Court with the date of September 24, 1974.

The mental competency hearing was held October 4, and the court found the appellant to be mentally competent to stand trial on October 8, 1974.

On November 21, 1974, the trial date, appellant moved for a dismissal on the ground that his right to a speedy trial had been violated. The motion was denied on

the finding that the period between August 16, 1974 and October 8, 1974, the day the trial court ruled on the competency question, was an excluded period, so that the days from date of mistrial to the date of trial were exactly sixty.

The appellant presented an "alibi" defense. During the closing argument the prosecutor referred to "the alibi", and appellant moved for a mistrial based upon the allegation that "alibi" was a sufficiently prejudicial word to deny appellant a fair trial. The motion was denied. The jury returned a verdict of guilty on all three charges, and a timely appeal was brought from the conviction and sentence.

Appellant's first contention is that the trial court erred when it admitted into evidence the statement made by appellant at the time of his apprehension. We do not agree.

■■■ There were sufficient facts and circumstances to lead a reasonable person into believing it was necessary to detain this suspect for the purpose of further investigation.

"[C]ircumstances short of probable cause may still justify an investigatory stop. [cite omitted] The lawfulness of a detention, short of arrest, is tested by whether under the circumstances it was reasonable * * *." *State v. Gastelo*, 111 Ariz. 459 at 460, 532 P.2d 521 at 522 (1975).

The car the appellant was driving at the time he was stopped bore the same license plate numbers and matched the general description of the car seen by the prosecutrix as leaving the scene of the crime. When the appellant exited the car he matched the description of the suspect as given by the prosecutrix, and the arresting officer testified that he felt this was the suspect he was looking for when he first sighted him. There is no question that the appellant was under investigatory detention. However, since this detention was reasonable, it was lawful. Appellant contends that under the circumstances of this detention it was necessary for the police to give the Miranda warnings prior to asking the appellant to identify himself. Though it appears that the appellant was "deprived of his freedom of action * * * and * * * was aware of such restraint", *State v. Bainch*, 109 Ariz. 77 at 79, 505 P.2d 248 at 250 (1973), we do not agree that the confrontation between the officer and the appellant had reached the interrogation stage.

■■■ The moment that the on-the-scene general investigation becomes custodial interrogation is not at the moment law enforcement officers have the minimum evidence to establish probable cause.

"As *Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, at 417, 17 L.Ed.2d 374 (1966) says:

'* * * The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long. Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall short of the amount necessary to support a criminal conviction.'

"That philosophy applies here also. *The events come in close succession and it is impossible to say that the officer realized that he had grounds for the arrest until after defendant had made these two statements.*" (Emphasis supplied.) *State v. Tellez*, 6 Ariz.App. 251 at 256, 431 P.2d 691 at 696 (1967).

The holding in *Hoffa* is applicable to Fifth Amendment protections as well as the Sixth Amendment's right to counsel. *State v. Hocker*, 25 Ariz.App. 93, 541 P.2d 419 (1975). The events in the instant case also came in close succession. When appellant gave his name the law enforcement officers had determined his identity, but it was after he made the statement that he

worked for I.T.T. that they were certain that he was their suspect.

■ *Miranda*[1] requires that before any exculpatory or inculpatory statement of the defendant is admitted into evidence he must be advised of certain of his constitutional rights. Under *Miranda* the entire focus is not just on whether the individual is in custody, but the focus is also upon the type of statement made by the defendant that the prosecution wishes to admit into evidence. An officer's questioning an individual as to his name cannot be considered to elicit either a confession or exculpatory admission even though the individual is detained and aware of such detention when he gives the information. To hold that a law enforcement officer could not question an individual as to his name after he had been lawfully detained, but prior to receiving his *Miranda* warnings, would be the height of absurdity.

■ Under the circumstances of this case we hold that where the inquiry was directed only to the appellant's identity, it was "clearly neutral, nonaccusatory in nature, and in furtherance of proper preliminary investigation." *State v. Mathis*, 110 Ariz. 254 at 255, 517 P.2d 1250 at 1251 (1974).

■ In the instant case the only incriminating comment made by the appellant was that he worked for I.T.T. This was incriminating because the prosecutrix had stated that the suspect had gained entry into her home by saying he was from I.T.T. According to the appellant's own testimony, the statement that he worked for I.T.T. was a volunteered statement. When an individual volunteers a self-incriminating statement it is admissible in evidence against him. *State v. Small*, 20 Ariz.App. 530, 514 P.2d 283 (1973).

■ Even if the trial court had improperly admitted into evidence the appellant's volunteered statement under the facts of this case it would be harmless error beyond a reasonable doubt. *Chapman*

*v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The prosecutrix identified the appellant as the rapist-robber, gave the license plate number and general description of the car that was driven from the scene of the crime by the rapist-robber, and this license plate number and general description matched the car in which the appellant was apprehended the next day. Appellant admitted on cross-examination that he worked for I.T.T.; there was also a stipulation between the parties that the appellant was employed by I.T.T. at the time the crime was committed. We hold that since the independent evidence regarding the appellant's employment was overwhelming as was the evidence to find the appellant guilty, the error was harmless beyond a reasonble doubt.

■ Appellant's next contention is that he was not brought to trial within sixty days of his mistrial after excluding the delays occasioned on behalf of appellant. Appellant concedes that the time between August 16 and September 20 (35 days) should be properly excluded as a delay occasioned by the appellant for the purpose of a mental competency hearing. Appellant claims that because the trial court originally ordered the competency hearing to be held on September 20, that any further delay past that date should not be chargeable to the appellant. We do not agree and hold that not only the additional eighteen (18) days (until October 8 the date of determination of appellant's mental competency) was an excluded time under Rule 8.4(a), Arizona Rules of Criminal Procedure, but that the time period ran from the date of filing until the date of determination.

■ Rule 8.4(a) excludes "* * * delays caused by examination and hearing to determine competency." It is clear from the language of the rule itself that both an examination and hearing are required before the mental competency of a

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

defendant can be determined. This court has held that the time period from the date the motion was made or filed until the date upon which the matter was determined should be excluded from the total time.

> "That motion [under Rule 8.4(a)] was made on 7 May and the matter determined on 24 May. 17 days should therefore be excluded from the total time of all the defendants." *State ex rel. Berger v. Superior Court,* 111 Ariz. 335 at 337, 529 P.2d 686 at 688 (1974).

We hold that this is the correct interpretation of Rule 8.4(a) since the filing of the motion under Rule 11 effectively stops or suspends the trial of the defendant until his mental competency is established.

■ Appellant further contends that the trial court failed to expeditiously determine appellant's mental competency to stand trial under the provisions of Rule 11, Arizona Rules of Criminal Procedure. We do not agree. The trial court could not have properly held the hearing required by Rule 11.5 until the results of the mental examinations were before the court. The record shows that the medical report of one of the experts was filed with the court on September 24, 1974, well after the original hearing date of September 20th. The hearing was held upon October 4 when both parties agreed (by stipulation) to submit the matter on the expert's reports. The trial court took the matter under submission and rendered a decision on October 8. This, as is clear from the comment to Rule 11.5(a), is required procedure.

> "This section describes the hearing that a court *must* give a defendant *after* the completion of the mental examinations. * * *." (Emphasis supplied.)

■ We note that though there were four calendar days from the submission of the matter until the determination of the defendant's mental competency two of the days were non-judicial days. Two working days for the court to consider and rule on the mental competency is a reasonable period of time and could in no way prejudice the defendant. The hearing had to be held before the trial court could proceed with the trial of the appellant. *State v. Rojas,* 103 Ariz. 431, 443 P.2d 427 (1968). Though the *Rojas* decision was determined under the former rules the requirement of the two rules concerning a hearing to determine a defendant's mental competency is similar. The present rule states that the court shall determine the defendant's competency. Therefore, it is clear from the language of the rule itself that a hearing and a determination of competency are the required procedure. *State v. Rose,* 24 Ariz.App. 25, 535 P.2d 617 (1975). This was the procedure followed in the instant case.

■ We find that after excluding the period of August 6 to October 8 the defendant's right to a speedy trial under Arizona Rules of Criminal Procedure was not violated, and the trial court was not in error in so holding.

Appellant further contends the prosecutor's closing argument constituted reversible error, and the trial court erred in denying his motion for a mistrial.

■ During final argument considerable latitude is allowed counsel and that includes the drawing of reasonable inferences from the evidence. *State v. Jaramillo,* 110 Ariz. 481, 520 P.2d 1105 (1974).

■ Appellant urges that the common usage of "alibi" has stigmatized the word with prejudicial connotation. The issue of whether in a layperson's mind the word "alibi" was associated with something contrived or phoney was considered and rejected in *State v. Ravenell,* 43 N.J. 171, 203 A.2d 13 (1964). The New Jersey Supreme Court held:

> "The term [alibi] is commonly used in the law as a plea that at the time and place of the crime the accused was elsewhere; it *carries with it no sinister connotation.*" (Emphasis supplied.) *State v. Ravenell,* supra, at 22.

We are in agreement that the word "alibi" carries with it no such prejudicial connotation as to classify an argument in which it had been used as to be so objectional as to cause a reversal. In making this determination we are guided by the criteria set down in *State v. Robison,* 99 Ariz. 241 at 245, 408 P.2d 29 at 32 (1965).

"In determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case, we have stated the best rule to be:

"'* * * Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks * * *.'"

■ The trial court is the proper court to rule on whether an attorney's remarks are so prejudicial as to require a mistrial. *State v. Gonzales,* 105 Ariz. 434, 466 P.2d 388 (1970). Two of the instructions the trial court gave were designed to and would correct any prejudice that counsel's statements may have created. Regarding counsel's arguments the trial court instructed as follows:

"In the opening statements and closing arguments the lawyers have talked to you about the law and evidence. What the lawyers said is not evidence, but it may help you understand the law and the evidence."

In regard to the defense of "alibi" the trial court instructed the jury as follows:

"The defendant has introduced evidence that he was not present at the time and place the alleged crime was committed. This is a legal and proper defense. If you have a reasonable doubt as to whether the defendant was present at the time and place the alleged crime was committed, you should find the defendant not guilty."

We find the trial court did not abuse its discretion in denying appellant's motion for a mistrial.

■ Appellant further contends that the trial court erred in not either giving a cautionary instruction or sustaining defense counsel's objection. There is no evidence in the record that appellant either objected to the prosecutor's remark or requested a cautionary instruction. In the absence of a request for a cautionary instruction the instructions given must be deemed broad enough to sufficiently instruct the jury. See *Hill v. State,* 19 Ariz. 78, 165 P. 326 (1917). Appellant's contention is therefore without merit.

Judgment affirmed.

CAMERON C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.