589 P.2d 469

**The STATE of Arizona, Appellee,**

v.

**Sammie Kay STAMBAUGH, Appellant.**

**No. 2 CA–CR 1419.**

Court of Appeals of Arizona, Division 2.

Nov. 22, 1978.

Rehearing Denied Jan. 3, 1979.

Review Denied Jan. 23, 1979.

Stephen D. Neely, Pima County Atty. by David R. Cole, Deputy County Atty., Tucson, for appellee.

John M. Neis, Pima County Public Defender by Donald H. Bayles, Jr., Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

The determinative question on this appeal is whether the improper conduct of the prosecutor in closing argument deprived appellant of a fair trial, requiring reversal. We hold that it did, but reject appellant's contention that the evidence was insufficient to support conviction and remand for a new trial.

Appellant was charged with second degree murder and the jury found him guilty of involuntary manslaughter. The charge arose from the death of a two-and-one-half-year-old child entrusted to his care as babysitter. In closing argument, defense counsel told the jury:

[The prosecutor] has tried every which way to get a conviction in this case. He starts out by saying: This murder is intentional. He will show there is some deliberate act with malice.

Now, he is talking about involuntary manslaughter, talking about instructions on involuntary manslaughter.

Sometimes lawyers demand the moon hoping they can get something.

I submit [the prosecutor] is asking for second degree murder hoping he can get involuntary manslaughter from you.

I say to you: If Sammie did all the things [the prosecutor] says, convict him of second degree murder. If he is innocent, free him.

In response, the prosecutor argued:

He says I'm talking about manslaughter; that I'm asking you to convict him of murder, yet I'm giving you a discussion relating to the crime of manslaughter. As [defense counsel] indicated, before we came out here and started final arguments, we sat with the judge, spent the better part of an hour going over the instructions. The fact is [defense counsel] requested an instruction on manslaughter. This is not something that I—

Defense counsel's objection at this juncture was sustained, and the court announced that the matter would be taken up later outside the presence of the jury. Before that time, at the commencement of the instructions, the court told the jury:

Let me say one thing with reference to the instructions. As a matter of law I decide which instructions should be given regardless of which party requests those instructions. If an instruction is request-

ed that I don't think should be given, I will not give it. If one is requested which I think must be given, I will give it.

These are the instructions I concluded you should be given in this case. * * *

After the jury had retired, defense counsel's motion for a mistrial was denied by the court with this explanation:

I'll rest on the fact that the instruction should have cured it. I did add something to my instructions that the instructions came from both sides; that I either accept or reject them, and if you don't request something I feel is necessary, I'll give it. I think that cured it.

We disagree with the trial court's assessment of the situation.

■ Defense counsel's suggestion to the jury that it either convict appellant of second degree murder or acquit him is a legitimate, if illogical, argument, inviting an appropriate response. It does not, however, excuse what happened here. We believe the prosecutor's argument clearly violated the well-established rule most recently enunciated in *State v. Landrum*, 112 Ariz. 555, 561, 544 P.2d 664, 670 (1976):

In determining whether remarks made by counsel in criminal cases are so objectionable as to cause a reversal of the case, we have stated the best rule to be:

* * * Do the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and were they, under the circumstances of the particular case, probably influenced by these remarks * * *.

■ The fact that appellant, like the state, had offered an instruction on the lesser included offense of involuntary manslaughter was not a matter that the jurors would have been justified in considering in determining their verdict. *See* 17 A.R.S. Rules of Criminal Procedure, rule 21.3(b). In context, the prosecutor's reference to defense counsel's request for the instruction was doubly prejudicial: it implied, first, an admission that appellant was guilty of the lesser offense and, second, duplicity on the part of defense counsel.

■ Whether or not improper argument has influenced the verdict must be left to the sound discretion of the trial court. *Landrum*, supra; *State v. Freeman*, 114 Ariz. 32, 559 P.2d 152 (1976). Here, however, it appears the trial judge acted on a false premise in denying the motion for a mistrial. From his remarks, it is clear he thought he had conveyed to the jury that necessary instructions would be given, whether requested or not, and that it was immaterial which side had requested an instruction. Instead, his statement that "[i]f . . . I don't think [an instruction] should be given, I will not give it," and the ensuing instruction on involuntary manslaughter, tended to further disparage defense counsel's argument for acquittal as the alternative to conviction of second degree murder. Thus, although the court recognized the impropriety of the prosecutor's argument and attempted to cure it, his well-intentioned effort may have emphasized the prejudice, contrary to his recollection at the time the mistrial motion was argued.

■ Appellant's contention that the evidence was not sufficient to support his conviction is without merit. To constitute involuntary manslaughter, the homicide must have resulted from appellant's failure to exercise due caution and circumspection, which is the equivalent of "criminal negligence" or "culpable negligence." The facts must be such that the fatal consequence of the negligent act could reasonably have been foreseen. *State v. Sorensen*, 104 Ariz. 503, 455 P.2d 981 (1969). Viewed most favorably to support the conviction, the evidence was sufficient for the jury to find beyond a reasonable doubt that the child died as the result of a criminal agency and that appellant was responsible. *State v. Turrubiates*, 25 Ariz.App. 234, 542 P.2d 427 (1975). Appellant's own testimony shows that he slapped and pushed the child shortly before her death. In his statement to police, he admitted that he was mad and pushed her down on the bathroom stool

"hard enough that her head popped back" and hit the stool lid or the tank. The pathologist who had performed an autopsy testified that a "significant force" would have been required to produce the two head injuries resulting in the child's death, and that a blow by an adult hand could have caused the injuries. The child was in appellant's custody when the injuries were sustained.

The judgment and sentence are vacated. The case is remanded for a new trial on the charge of involuntary manslaughter.

HOWARD and HATHAWAY, JJ., concurring.